IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

SANJEVANI LLC,

       Plaintiff,

v.                                                                 No. CIV 07-492 BB/LFG

WELLS FARGO BANK, N.A.,

       Defendant.

MEMORANDUM OPINION
AND
ORDER GRANTING STAY PENDING ARBITRATION

THIS MATTER is before the Court on the motion by Defendant Wells Fargo Bank, N.A., to dismiss the complaint or in the alternative to stay the proceeding while compelling arbitration. Having read the submissions of counsel and conducted further research, the Court is persuaded the motion to legally compel arbitration is supported by law, and it will be Granted.

*Discussion*

*Facts*

This dispute arises out of a commercial bank account that Plaintiff Sanjevani LLC had at Defendant Wells Fargo Bank, N.A. The account is subject to the terms of a Business Account Application and Agreement between the parties. The Application provides, "I agree to be bound by the terms of the dispute resolution program, including arbitration, as more fully described in the Business Account Agreement," and is signed by Dr. Sunil Pai on behalf

of Plaintiff.  The Business Account Agreement referred to in the Application described the Arbitration Agreement in detail.  Initially, it provides that arbitration is required if requested for an extensive list of disagreements including "whether a disagreement is a 'dispute' subject to binding arbitration."  The arbitration is to be administered by the American Arbitration Association according to its Commercial Arbitration Rules.  Finally, "[e]ach arbitration is governed by the provision of the Federal Arbitration Act (Title 9 of the United States Code) and, to the extent any provision of that Act is inapplicable, unenforceable or invalid, the laws of the state that govern the relationship between you and the Bank about which the dispute arose."

*Legal Standard of Dispute Resolution*

Both federal and New Mexico policy strongly favor arbitration.  *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044 (10th Cir. 2006); *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482 (10th Cir. 1994); *Lisanti v. Alamo Title Ins. of Texas*, 55 P.3d 962 (N.M. 2002).  Therefore, the New Mexico Uniform Arbitration Act and the Federal Arbitration Act provide that an agreement to submit any existing or subsequent controversy arising between the parties to arbitration is legally valid and enforceable.  § 44-7A-7 NMSA 1978 (2006 Cum. Supp.); 9 U.S.C. § 2.  The Court may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of interpretation that covers the asserted dispute.  *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88 (4th Cir. 1996).  And the parties may also contract as to whether a particular dispute is of a nature to be decided by the arbitrator.  *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452 (2003).

**Plaintiff would avoid arbitration by alleging the Agreement is an illusory contract and therefore not enforceable.[1] It relies on *Dumais v. American Gold Corporation*, 299 F.3d 1216 (10th Cir. 2002), where the employer purchased a pre-existing golf course and then had the existing employees sign a handbook which contained an agreement to arbitrate employment claims. However, the handbook also provided that the new employer "reserves the right to at any time change, delete, modify or add to any of the provisions contained in this handbook at its sole discretion." Relying on other cases that had held the unilateral right to change the terms of a contract without notice made it illusory,[2] the Tenth Circuit upheld the district court's denial of arbitration.**

**Defendant responds that *Dumais* is based on the premise that the employer there had "unfettered" discretion, while the present Agreement limits the discretion to be exercised by Wells Fargo. Specifically, Defendant points out that while Wells Fargo can modify the Agreement, its "language contains provisions regarding notice by the Bank to the Depositor, of any changes and the customer's acceptance of the changes by continued use of the Account and severability clause." (Def.'s Reply Mem. p. 3).**

**Required notice of any changes and the option to terminate the agreement are indeed significant facts when analyzing whether a contract is illusory. The Oklahoma District Court distinguished *Dumais* on just this basis in *Pierce v. Kellogg, Brown & Root, Inc.*, 245 F. Supp. 2d 1212, 1215 (E.D. Okla. 2003). Other courts have likewise rejected the illusory defense when**

---

[1] Whether a contract is valid or illusory is an issue for the court. *Sisneros v. Citadel Broadcasting Co.*, 142 P.3d 34, 39 (N.M. App. 2006).

[2] *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306 (6th Cir. 2000); *Hooters of Amer., Inc. v. Phillips*, 173 F.3d 933 (4th Cir. 1999); *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126 (7th Cir. 1997).

**the party with the option to modify was required to provide notice of modifications and the other party then had the power to terminate the agreement.[3] The Court of Appeals for the Fifth Circuit also made this point in distinguishing *Dumais* in *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159 (5th Cir. 2004), in which cellular users brought a class action against providers alleging deceptive billing practices and breach of contract. The cellular providers argued the breach of contract claims were subject to arbitration. The district court denied the defendants' motion to compel arbitration. The Circuit Court agreed the language in one contract allowing the provider, but not the consumer, the choice of litigation was unconscionable. However, the Court of Appeals reversed holding that even though the contracts allowed the providers to change the terms of the agreement, this did not make such contracts illusory. Speaking for the Court, Chief Judge King distinguished *Dumais* on the critical fact of required notice:**

> **Some of these decisions have invalidated arbitration agreements that give the company the right to alter the terms of the agreement at any time, at least when the company is not required to give notice of the change. *See, e.g., Dumais v. Am. Golf Corp.*, 299 F.3d 1216, 1219 (10th Cir. 2002) (citing cases). Such cases reason that the company, having reserved to itself the right to change or to eliminate its obligation, has not really bound itself at all. Here, however, the defendant companies are required to give the customer notice of the proposed change. *See Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 668 (6th Cir. 2003); *Pierce v. Kellogg, Brown & Root, Inc.*, 245 F. Supp. 2d 1212, 1215 (E.D. Okla. 2003) (both rejecting challenges to arbitration clauses containing change-in-terms provisions and distinguishing prior decisions in which the company was not required to give notice of the change).**

---

[3] *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 667-668 (6th Cir. 2003); *Blair v. Scott Specialty Glass*, 283 F.3d 595, 604 (3d Cir. 2002); *Batory v. Sears Roebuck & Co.*, 124 Fed. Appx. 530, 533-534 (9th Cir. 2005); *Asmus v. Pacific Bell*, 999 P.2d 71, 82 (Cal. 2000); *see also 24 Hour Fitness, Inc. v. Superior Court of Sonoma, Co.*, 1998 WL 663348 (Cal. App. 1998) (duty of written notice implies duty to exercise that right fairly and in good faith); *cf.* § 55-1-203 NMSA 1978 (2005 Cum. Supp.) (duty to act in good faith).

**379 F.3d at 173. This is significant because, as Chief Judge King noted, if the customers are notified of the modified terms and find them unsatisfactory, they have the option to reject such terms by terminating the service:**

> **The change-in-terms provisions in the contracts before us do not render the contracts' obligations illusory. The notice of the change in terms can be understood as an invitation to enter into a relationship governed by the new terms. The customer then accepts the new terms by continuing to use the service.** *Cf. Bank of La. v. Berry*, **648 So.2d 991, 993 (La. App. 5 Cir. 1994) ("[A]s per the credit card agreement, the contract between the parties was perfected upon use of the card by [the customer]."). The fact that the company has the right to change the terms upon notice does not mean that the contract never bound it. Nor does the fact that the companies could later attempt to change the arbitration clause to render it oppressive mean that the arbitration clause, as it stands, is unconscionable.**

**379 F.3d 173-174.**

**The Agreement at issue is therefore not illusory because it requires notice and provides an option to terminate. While it is not clear what, if any, jurisdiction this Court will have following arbitration,[4] the American Arbitration Association clearly has the power to decide the dispute in the first instance.**

**O R D E R**

**For the above stated reason, this matter is stayed and the case will be administratively closed pending arbitration.**

---

[4] The Agreement provides, "Either you or the Bank may submit a dispute to binding arbitration at any reasonable time, notwithstanding that a lawsuit or other proceeding has been commenced."

**SO ORDERED** this 7th day of August, 2007.

                                                                  _____
                                                                  **BRUCE D. BLACK**
                                                                  **United States District Judge**

**For Plaintiff:**
  William L. Lutz, MARTIN LUTZ ROGGOW HOSFORD & EUBANKS, Las Cruces, NM

**For Defendant:**
  Roger E. Yarbro, YARBRO & ASSOCIATES, Cloudcroft, NM